UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Wesley S. Battey, Jr.,

      Plaintiff,

vs.

Jason Spurling,

      Defendant.

Case No.: 2:14-cv-898-JAD-CWH

**Order Adopting Findings and Recommendation [#4] and Dismissing Action**

      In this pro se civil rights action, Wesley S. Battey, Jr. alleges that he was framed by Las Vegas Metropolitan Police officer Jason Spurling in 2012 for a theft he did not commit and subjected to cruel and unusual punishment by other unidentified arresting officers.[1] Magistrate Judge Carl W. Hoffman screened his complaint, discovered it is based on the same events alleged in case 2:13-cv-00537-APG-CWH, and ordered Battey to submit a statement explaining why the instant claims are not barred by the with-prejudice dismissal of his prior action.[2] Although Battey promptly provided a statement, it only confirms that the cases arise from the same events.[3] Magistrate Judge Hoffman now recommends that I dismiss this lawsuit because it is bared by the dismissal of Battey's claims with prejudice in the prior case.[4]

      Battey timely objected to the Findings and Recommendation (Doc. 6), but his objection is merely an emotional plea that does not address the issues raised in the Findings and Recommendation, particularly the preclusive effect of the with-prejudice dismissal of his 2013 case. Nevertheless, I conducted a de novo review of the issues set forth in the Findings and Recommendation (Doc. 4) and reviewed the record from 2:13-cv-00537-APG-CWH. I conclude that

---

[1] Doc. 5.

[2] Doc. 2.

[3] Doc. 3 at 6-7.

[4] Doc. 2, 4. *See also* Doc. 10 in 2:13-cv-00537-APG-CWH (dismissing action with prejudice).

Page 1 of 2

Judge Hoffman's Findings and Recommendation sets forth the proper legal analysis and factual basis for the decision.[5]

Accordingly, IT IS HEREBY ORDERED that Magistrate Judge Hoffman's Findings and Recommendation **[Doc. 4] are ADOPTED** in their entirety, and Battey's objections **[Doc. 6] are OVERRULED**;

IT FURTHER ORDERED, ADJUDGED, AND DECREED that **this action is dismissed with prejudice** for the reasons stated in the Findings and Recommendation.

The Clerk of Court is instructed to enter judgment accordingly and close this case.

DATED April 29, 2015

Jennifer A. Dorsey
United States District Judge

---

[5] Even if these claims were not precluded by the dismissal of Battey's earlier case, they would likely be time-barred because the date of the allegedly false arrest was May 15, 2012, see Doc. 1, and Battey did not sign the instant complaint until more than two years later on June 1, 2014. *See, e.g., Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989) (two-year statute of limitations for § 1983 claims in Nevada).